IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cesar Torres, | ) | |
| | ) | Case No. 25 CV 1616 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Gottschall |
| v. | ) | |
| | ) | |
| David Hickey, James De Cicco, and | ) | |
| the City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

### Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint

Defendants David Hickey, James De Cicco, and the City of Chicago, through their attorneys Hale & Monico, LLC, respectfully move to dismiss Plaintiff Cesar Torres's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support, Defendants state:

### INTRODUCTION

On June 15, 2013, Ricardo Herrera, Dennis Chavez, and Nick Mundo were walking to Moreno's Liquor store when a man wearing a red shirt and black shorts confronted them at 2539 South Ridgeway. The man in the red shirt pulled out a gun and started firing: Herrera was hit and fell while Chavez (also struck by a bullet) and Mundo ran north, away from the shooter. The man in the red shirt then knelt down next to Herrera and shot him in the head. Herrera died as a result of the shooting. Chavez and Mundo later identified Plaintiff as the shooter in lineups and testified to that fact during Plaintiff's criminal trial. After being convicted, the appellate court granted Plaintiff a new trial by due to the State's introduction of hearsay testimony during the trial. He was acquitted in his second trial.

Not being content with his release from custody, Plaintiff now brings this suit against Defendants Hickey, De Cicco, and the City of Chicago, claiming his constitutional rights were

1

violated and seeking money damages. However, even with the facts alleged in the complaint taken as true, Plaintiff has failed to state any viable claims against Defendants and this case should be dismissed with prejudice.

## STATEMENT OF FACTS

At the outset, Defendants use facts taken not only from Plaintiff's Complaint (*Dkt. No. 1*) but also the appellate decision of *People v. Torres*, 2021 IL App (1st) 182125-U (attached as "Exhibit 1"). This is proper as Plaintiff referenced the opinion in his complaint, *Complaint* at ¶ 10, and it is central to his claim as the decision awarded him a new trial that led to his acquittal. *Id.* at ¶ 102; *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (court may consider extrinsic evidence when ruling on a motion to dismiss if referenced in complaint and central to claims). In addition, courts may "take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Heath Sys.*, 858 F.3d 452, 457 (7th Cir. 2017).

On June 15, 2013, Herrera, Chavez, and Mundo were walking from Chavez's home to Moreno's Liquors. *Complaint* at ¶¶ 18, 19; *Torres*, 2021 IL App (1st) 182125-U at ¶ 4. A man wearing a red shirt and black shorts approached the three friends and began shooting at them. *Complaint* at ¶¶ 21, 23; *Torres,* 182125-U at ¶¶ 5, 6. Chavez and Mundo fled northbound, but Herrera fell to the ground. *Complaint* at ¶ 26. The man in the red shirt then walked to Herrera, knelt beside him, and shot Herrera in the head. *Complaint* at ¶ 27. Chavez was also wounded, having been shot in the shoulder. *Id.*

Chavez and Mundo both spoke with detectives and gave a description of the shooter. *Complaint* at ¶ 40. Detectives then obtained surveillance video from Moreno's Liquor, which showed an individual in a red shirt with black shorts: the same clothing described by the victims. *Complaint*

2

at ¶ 45; *Torres*, 2021 IL App (1st) 182125-U at ¶ 12. Chavez identified the man in the video as the shooter when shown a still photograph of the suspect by Detective De Cicco. *Complaint* at ¶ 46; *Torres*, 2021 IL App (1st) 182125-U at ¶ 12. Detective De Cicco also showed the still photograph to Sergeant Hickey, who identified the person as "Baby Ghost," with the real name of Cesar Torres. *Complaint* at ¶ 47; *Torres*, 2021 IL App (1st) 182125-U at ¶ 13. Plaintiff asserts that Sergeant Hickey's falsely identified "Baby Ghost" as the shooter in both police reports and to Detective De Cicco. *Complaint* at ¶¶ 47, 115.

In February 2014, Detective De Cicco received an anonymous tip that the officers "might want to look at a person named Ghost" for the shooting. *Complaint* at ¶ 51; *Torres*, 2021 IL App (1st) 182125-U at ¶ 14. Plaintiff claims that this "anonymous tip" never occurred. *Complaint* at ¶ 51.

Following the call, Detective De Cicco obtained a 2013 photograph of Plaintiff and placed it in a photo array. *Complaint* at ¶ 52; *Torres*, 2021 IL App (1st) 182125-U at ¶ 16. Plaintiff was the only individual in the photo array in a red shirt. *Complaint* at ¶ 56. Detective De Cicco is alleged to have told Chavez and Mundo they had the shooter in custody and he was a "Two-Sixer" named "Baby Ghost." *Complaint* at ¶ 57. Chavez then identified Plaintiff from the photo array but Mundo was unable to. *Complaint* at ¶ 58-60; *Torres*, 2021 IL App (1st) 182125-U at ¶ 16. Following the identification by Chavez, Plaintiff was arrested. *Complaint* at ¶ 63.

Plaintiff was then placed in a physical lineup with four other people. *Complaint* at ¶¶ 65-67; *Torres*, 2021 IL App (1st) 182125-U at ¶ 18. Plaintiff asserts this physical lineup was unduly suggestive as he was the only one who was a medium complected Hispanic man in his early 20s, with medium length hair. *Complaint* at ¶¶ 66, 69-73, 125-127. Both Chavez and Mundo identified Plaintiff in the physical lineup as the person who shot at them and murdered Herrera. *Torres*, 2021

IL App (1st) 182125-U at ¶ 18. Plaintiff was then arrested and criminally prosecuted for the shooting.

IL App (1st) 182125-U at ¶ 18. Plaintiff was then arrested and criminally prosecuted for the shooting.

Plaintiff claims that, during his first trial, Segreant Hickey and Detective De Cicco testified that Hickey recognized the individual from the Mareno's Liquor video as a "gang subject" who went by the street name of "Baby Ghost." *Complaint* at ¶ 83. Detective De Cicco also testified as to the anonymous tip he received in February 2014. *Id.* at ¶ 87. Both Chavez and Mundo testified that Plaintiff was the shooter. *Id.* at ¶ 75. Plaintiff was convicted but the conviction was overturned due to the State introducing testimony regarding the "anonymous tip" as it was hearsay. *Id.* at ¶¶ 101, 102; *Torres*, 2021 IL App (1st) 182125-U at ¶¶ 47-55. On February 24, 2023, Plaintiff was acquitted following a retrial. *Complaint* at ¶ 112.

## LEGAL STANDARD

A rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Guinn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide a defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023). In applying this

4

standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech*, 63 F.4th 661, 666 (7th Cir. 2023).

## ARGUMENT

The Court should grant Defendants' motion entirely and dismiss Plaintiff's complaint with prejudice. While continuously asserting Defendants Hickey and De Cicco "fabricated" evidence that led to his conviction, Plaintiff failed to establish that those two officers can face civil liability for the alleged misconduct. Specifically, other than their testimony – for which they have absolute immunity – Plaintiff fails to allege that the supposedly "fabricated" evidence was introduced during the first criminal trial. As such, Defendants Hickey and De Cicco cannot be liable under a due process fabrication theory and Counts I and II should be dismissed with prejudice. Count III also cannot survive this motion as the Seventh Circuit's recent *Blackmon v. Jones* decision squarely forecloses any Section 1983 claim premised upon an unduly suggestive lineup. 132 F.4th 522 (7th Cir. 2025). Because that is the sole basis of Count III, the claim is not viable and should be dismissed with prejudice. Finally, because Plaintiff's indemnification claim is wholly dependent on there being an underlying claim to indemnify, it too should be dismissed.

**I.     The Court should dismiss Counts One and Two because there is no evidence the allegedly fabricated reports were used during Plaintiff's criminal trial and Defendants Hickey and De Ciccio have absolute immunity for their trial testimony.**

Counts I and II of Plaintiff's Complaint assert that Sergeant Hickey and Detective De Cicco violated Plaintiff's Fourteenth Amendment due process rights by fabricating evidence. *Complaint* at ¶¶ 113-124. However, even when the facts are taken in the light most favorable to him, Plaintiff's claims are not cognizable and should be dismissed with prejudice.

To establish a due process fabrication claim, a plaintiff must establish the officer (1) knowingly manufactured evidence, (2) they knew the evidence was false, (3) the false evidence was

5

introduced against the plaintiff during their criminal trial, and (4) the evidence was material to their conviction. *Coleman v. City of Peoria*, 925 F.3d 336, 344 (7th Cir. 2019); *see also Patrick v. City of Chicago*, 974 F.3d 824, 835 (7th Cir. 2020); *Brown v. City of Chicago*, 633 F. Supp. 3d 1122, 1156-57 (N.D. Ill. 2022); *Seventh Circuit Pattern Jury Instructions (Civil)* Instruction 7.14 (2017).

Plaintiff brings Fourteenth Amendment due process fabricated evidence claims against both Sergeant Hickey (Count I) and Detective De Cicco (Count II). In Count I, Plaintiff alleges that Sergeant Hickey violated Plaintiff's Due Process rights by claiming he could identify the person in the surveillance video as Plaintiff (by his street name of "Baby Ghost"), that information was "memorialized in police reports," relayed to prosecutors, and conveyed to the jury through the testimony of Hickey and DiCicco. *Complaint* at ¶¶ 115, 117. In Count II, Plaintiff claims that Detective De Cicco made up the "anonymous tip" that the police should look into an individual with the nickname "Ghost" as being responsible for the murder. *Complaint* at ¶¶ 51, 121. Plaintiff alleges that Detective De Cicco testified about the "anonymous tip" during Plaintiff's first trial. *Complaint* at ¶ 87.

Both Counts should be dismissed with prejudice because of testimonial immunity. To support a fabrication of evidence claim, the allegedly manufactured false evidence must be introduced at trial. *Patrick*, 974 F.3d at 835 (finding jury instruction that omitted that the plaintiff bore the burden to prove the fabricated evidence was used against him at his criminal trial was error); *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016) (holding fabrication claim failed because evidence was not admitted at trial); *Walker v. City of Chicago*, 2025 WL 343471, at *4 (N.D. Ill. Jan. 30, 2025) (stating plaintiff could not premise his fabrication claim on an arrest report "because the

6

arrest report was not admitted at trial…."); [1] *Brown*, 633 F. Supp. 3d at 1159 (holding detectives entitled to summary judgment on fabrication of evidence claim based on police reports because the reports were not introduced as evidence at the plaintiff's criminal trials); Order, *Pitts v. Ray*, No. 20 CV 7355, Dkt. No. 108 at 3 (N.D. Ill. Dec. 12, 2024) (holding "[n]either" piece of allegedly false evidence "were used at trial, meaning they cannot be the basis of an evidence fabrication claim") (attached as Exhibit "2").

If the only allegedly false evidence introduced at trial is the testimony of the officers, however, the claim fails because officers are absolutely immune from suit for their testimony. *Briscoe v. LaHue*, 460 U.S. 325 (1983). This is true regardless of whether the testimony is itself false or implies something false. *See Jones v. York*, 34 F.4th 550, 553 (7th Cir. 2022) ("Witnesses in a § 1983 trial have absolute immunity from liability based on their testimony at trial."). "[T]his protection covers the preparation of testimony as well as its actual delivery in court." *Canen v. Chapman*, 847 F.3d at 407, 415 (7th Cir. 2017).

Here, Plaintiff alleges only that Defendants fabricated their testimony. There are no allegations that any police report documenting Sergeant Hickey's identification of Plaintiff from the Mareno's Liquor video was authenticated and introduced as evidence during Plaintiff's first trial. There are also no allegations that any police report or other material documenting the February 2014 anonymous tip was used as evidence. Nor are there any facts pleaded that any police reports or other documents were used either to refresh a witness's recollection or to impeach them. In short, Plaintiff fails to demonstrate that any evidence containing this allegedly false information was used during his criminal trial. Plaintiff's Complaint alleges only that the "fabricated" evidence was the testimony of Sergeant Hickey and Defendant De Cicco. *See generally Complaint*.

---

[1] The *Walker* plaintiff has filed a Rule 59 motion to reconsider that remains pending.

7

"False testimony at trial does not give rise to a viable constitutional claim because witnesses are entitled to absolute immunity." *Brown*, 633 F. Supp. 3d at 1159-60 (citing *Briscoe*, 460 U.S. at 327). In *Brown*, the court granted summary judgment in favor of defendants on a fabrication of evidence claim on exactly this basis. 633 F. Supp. 3d at 1160. The court found that although the officers were alleged to have fabricated police reports, those "reports were not used against [the plaintiff] at trial." *Id.* at 1159. "Neither report was introduced at either of [the plaintiff's] trials, and neither report was used to refresh a witness's recollection during either trial." *Id.* So, even though both detectives "testified to a version of events consistent with the reports," it made "no difference" as the detectives had absolute immunity for that testimony. *Id.*; *see also* Exhibit 2, *Pitts*, No. 20 CV 7355, at 3 (dismissing the fabrication claim where the allegedly false information was introduced solely through an officer's testimony); *cf. Avery*, 847 F.3d at 436-443 (holding the fabrication claim could be based on the admission of the reports at trial, not the testimony of the two detectives).

In this case, because Plaintiff has put forth no evidence in his Complaint that any police report or other document containing the fabricated evidence was introduced during his criminal trials or used to refresh any officer's recollection, he has failed to state a viable Fourteenth Amendment due process claim. Accordingly, the Court should dismiss Counts I and II with prejudice.

**II.     The Court should dismiss Count III as there is no viable Section 1983 claim for an allegedly unduly suggestive lineup following the Seventh Circuit's *Blackmon* decision.**

In Count III, Plaintiff alleges that his Fourteenth Amendment due process rights were violated by Defendant De Cicco through the use of an unduly suggestive lineup. Such an allegation does not give rise to Section 1983 liability and the claim should be dismissed with prejudice.

8

In *Blackmon*, the plaintiff alleged that photo arrays and lineups shown to witnesses were unduly suggestive and violated his constitutional rights. 132 F.4th at 524. The Seventh Circuit ruled that the use of an identification against a plaintiff at trial procured by officers through unduly suggestive means does not entitle a plaintiff to damages. *Id.* at 526. The appropriate remedy is instead the exclusion of the evidence at trial. *Id.* The court further held that even there was such a claim, the claim was not clearly established as a constitutional violation, and for that reason too, the claim failed under the doctrine of qualified immunity. *Id.*

This case fits squarely into the confines of *Blackmon*. Plaintiff alleges that Defendant De Cicco informed the witnesses that the offender was in custody, constructed a photo array where Plaintiff was the only one wearing a red shirt, and constructed a physical lineup where Plaintiff was the "only young male Hispanic with short hair." *Complaint* at ¶ 126. Count III is a claim that the photo array and physical lineup were unduly suggestive and caused witnesses to identify Plaintiff as the shooter, which does not entitle him to damages.

Alternatively, the Court should find qualified immunity shields Defendant De Cicco from liability. Qualified immunity is a judicially created doctrine that "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). To overcome a qualified immunity defense, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A constitutional or statutory right is "clearly established" when the law is "sufficiently clear that every reasonable official would understand what he is doing is unlawful." *District of Columbia v.*

9

*Wesby*, 583 U.S. 48, 63 (2018). In other words, existing precedent must place the question "beyond debate." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018); *Lopez v. Sheriff of Cook Cnty.*, 993 F.3d 981, 988 (7th Cir. 2021) (describing the "clearly established" requirement as a "high bar").

In finding that qualified immunity covers Count III, the Court should again look to the *Blackmon* decision. The court concluded that "[e]ven as late as 2022, this circuit expressed uncertainty about how the law treat[ed] these situations" and another circuit had held damages for suggestive identification procedures would be "unprecedented and unwarranted" absent evidence the officers misled the prosecutor or lied to the judge *Blackmon*, 132 F.4th at 526 (citing *Wray v. New York*, 490 F.3d 189, 193 (2d Cir. 2007)); *see also Johnson v. Guevara*, Case No. 20 C 4156, 2025 WL 903813, at *24 (N.D. Ill. Mar. 24, 2025) (applying *Blackmon* to hold police officers had qualified immunity for using unduly suggestive lineup procedures and granting summary judgment for the defendants on those claims).

According to the Complaint, Defendant De Cicco administered the allegedly unduly suggestive lineups in February 2014. *Complaint* at ¶¶ 55-73. If legal precedent was unsettled in 2022 (as discussed in the *Blackmon* decision), it was equally unclear (if not more so) eight years earlier. Because of that, qualified immunity would protect Defendant De Ciccio and the Court should dismiss Count III with prejudice.

### III. The Court should dismiss Count IV as the indemnification claim is wholly dependent upon there being an underlying tort claim.

A claim for indemnification is dependent on another claim for which a defendant may be liable. *E.g. Patrick v. Mathews*, Case No. 16 C 10118, 2017 WL 1739935, *4 (N.D.Ill. May 4, 2017). Here, the three claims against Defendants Hickey and De Cicco – Counts I, II, and III – should be dismissed with prejudice. As that is the case, the Court should similarly dismiss with prejudice Plaintiff's indemnification claim against the City of Chicago.

**CONCLUSION**

Plaintiff's complaint should be dismissed in its entirety. Plaintiff's fabrication of evidence claims fail because the only evidence admitted against Plaintiff at his first trial regarding Hickey's identification and the "anonymous tip" was testimony from the Defendants for which they have absolute immunity. The Seventh Circuit's decision in *Blackmon* forecloses Plaintiff's unduly suggestive procedure claim. To the extent such a claim is viable, the Defendant Officers are entitled to qualified immunity. Accordingly, this Court should dismiss Plaintiff's complaint in its entirety with prejudice.

                                                               Respectfully submitted,
                                                               */s/ Shawn W. Barnett*
                                                               Special Assistant Corporation Counsel
                                                               One of the attorneys for Defendants

Andrew M. Hale
Allyson L. West
Brian B. Stefanich
Hannah Beswick-Hale
Shawn W. Barnett
Hale & Monico LLC
53 W. Jackson, Suite 334
Chicago, IL 60604
(312) 870-6905

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I caused this document to be filed with the Court using the electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record. A courtesy copy of the filed document may also be provided to the Court depending upon the Court's standing order.

/s/ Shawn W. Barnett